UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-20173-CIV-MORENO

LINCOLN GENERAL INSURANCE
COMPANY,

    Plaintiff,

vs.

DEVELOPMENT AND COMMUNICATIONS
GROUP OF FLORIDA, INC., CARLOS N.
PETERSEN, and MARA PETERSEN,

    Defendants.
_____/

## ORDER GRANTING MOTION TO COMPEL
## DEFENDANTS TO DEPOSIT COLLATERAL SECURITY

Defendants Carlos Petersen, Mara Petersen, and Development and Communications Group of Florida, Inc., a site development contractor, executed a General Indemnity Agreement in favor of Plaintiff Lincoln General Insurance Company whereby Plaintiff agreed to issue payment and performance bonds on behalf of Defendants in exchange for Defendants' promise to comply with the terms of the Agreement. Subsequently, Plaintiff alleges it received numerous claims from various entities as a result of Defendants' failure or refusal to fulfill its performance or payment obligations on its projects. Plaintiff alleges that it paid various claims and defended itself in various lawsuits related to the claims, but that Defendants have failed to comply with Plaintiff's request for indemnification. Thus, Plaintiff filed this action against Defendants to recover losses as a result of issuing the bonds.

Plaintiff now moves to compel Defendants to deposit collateral security in accordance with the collateral security provisions of the Agreement. Specifically, Plaintiff seeks an order which will:

(a) compel Defendants, jointly and severally, to post $201,400.00 in collateral with Plaintiff, and otherwise prohibit all transfers and encumbrances of Defendants' assets until they have done so; and

(b) compel Defendants to produce a full accounting of all assets Defendants own and the disposition of any assets since December 1, 2008, including but not limited to approximately $180,000.00 in contract proceeds Defendants received but apparently failed to use to satisfy claims involving Plaintiff.

Defendants never responded to Plaintiff's motion.

In the General Indemnity Agreement signed by both parties, it states that Defendants agree to "indemnify and keep indemnified [Plaintiff] against any and all liability for losses and expenses of whatsoever kind or nature, including attorney fees and costs, by reason of having executed or procured the execution of Bonds, or by reason of the failure of [Defendants] to perform or comply with the covenants and conditions of this Agreement." Agreement ¶ 1. Further, it states that "[i]f for any reason [Plaintiff] establishes or increases a reserve to cover possible liability or loss for which [Defendants] will be obligated to indemnify [Plaintiff] under this Agreement, [Defendants] will deposit with [Plaintiff], upon demand, cash equal to the reserve or increase in the reserve, or collateral acceptable to [Plaintiff]." Agreement ¶ 2. As Plaintiff has established a reserve as a result of the claims on the bonds, Defendants are obligated under the Agreement to deposit with Plaintiff cash equal to the reserve or collateral. Currently,

Plaintiff alleges that the reserve amount is $201,400.00, and thus request that Defendants post $201,400.00 in collateral. As Defendants have failed to post collateral, Plaintiff requests that this Court enforce the collateral security clause through an order of specific performance.

A court may order specific performance if: (1) the obligations of the parties with respect to the conditions of the contract and actions to be taken by the parties are clear, definite, and certain; and (2) the party seeking specific performance satisfies the Court that there is no adequate remedy at law. *See Barnes v. Diamond Aircraft Industries, Inc.*, 499 F. Supp. 2d 1311, 1319 (S.D. Fla. 2007). In the instant case, the obligations of the parties with respect to the conditions of the contract and actions to be taken are clear: Defendants are obligated under the Agreement to deposit with Plaintiff cash equal to the reserve or collateral. Agreement ¶ 2. Further, as Plaintiff's losses are continuing in nature and the total loss is unascertainable, Plaintiff has no adequate remedy at law. *See e.g. Liberty Mutual Ins. Co. v. Aventura Engineering & Const. Corp.*, 534 F. Supp. 2d 1290, 1321 (S.D. Fla. 2008); *see e.g. Milwaukie Constr. Co. v. Glen's Fall Ins. Co.*, 367 F.2d 964, 965 (9th Cir. 1966) (legal remedy of money damages was not adequate and specific performance was available to require indemnitors to deposit with surety money or acceptable security equal to its established reserves). Thus, it is

**ADJUDGED** that Plaintiff's Verified Emergency Motion to Compel Defendants to Deposit Collateral Security and Incorporated Memorandum of Law (D.E. No. 10) is **GRANTED**. Defendants, jointly and severally, shall post $201,400.00 in collateral with Plaintiff by July 31, 2009. All transfers and encumbrances of Defendants' assets are prohibited until Defendants have done so. Also, by July 31, 2009, Defendants shall produce a full accounting of all assets Defendants own and the disposition of any assets since December 1, 2008, including but not

limited to approximately $180,000.00 in contract proceeds Defendants received but apparently failed to use to satisfy claims involving Plaintiff. Further, Plaintiff's Request for Hearing on its Verified Emergency Motion to Compel Defendants to Deposit Collateral Security (D.E. No. 11) is **DENIED** as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 8th day of July, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record